UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES KEVIN CHELSKI, | ) | CASE NO. 1:13 CV 2456 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| THE STATE OF OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is *pro se* Plaintiff James Kevin Chelski's above-captioned *in forma pauperis* Complaint. He names the State of Ohio as defendant. For the reasons set forth below, the action is dismissed.

*Background*

The Complaint is comprised of twenty-five paragraphs. In each, Mr. Chelski either lists a conclusory allegation or a vague accusation of corruption, wrongful prosecution, fraud, wrongful termination and loss of liberty. He claims that when he "filed a civil suit 11cv67 to compensate me for the damage done me by state employees the state employees working in the clerks office filed

the suit with out accepting or denieing [sic] my idegence [sic] plea so I dropped the case."[1] (Doc. No. 1 at 4.) Mr. Chelski claims further that he was fired from "Pen Glo" without cause because the State of Ohio wanted him to lose his job. He does not "wish to make the public aware of the corruption only to remove it from the courts and compensate me my loss." (Doc. No. 1 at 4.) Finally, he asks the Court to place him in protective custody "while this case is tried."

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Failure to State a Claim*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Dismissal is appropriate "when the facts alleged rise

---

[1] Mr. Chelski does not disclose in what county he filed his state court action.

to the level of the irrational or wholly incredible ...". *Denton v. Hernandez*, 504 U.S. 25 (1992). Even liberally construed, the Complaint does not contain allegations reasonably suggesting Mr. Chelski might have a valid federal claim against the State of Ohio.

*Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: November 7, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."